UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **DENNIS MURRAY,** : | |
|     **Plaintiff** : | |
| : | |
| **v.** : | C.A. No. |
| : | |
| **UNIVERSAL PROTECTION SERVICE, LLC** : | |
| **d/b/a ALLIED UNIVERSAL SECURITY** : | |
| **SERVICES,** : | |
|     **Defendant** : | |

## COMPLAINT

### I. Introduction

1. This is an action brought by the Plaintiff against the Defendant seeking damages arising out of the unlawful conduct of the Defendant in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601, *et seq.*, the Rhode Island Parental and Family Medical Leave Act ("RIPFMLA"), R.I.G.L. §28-48-1, *et seq.*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1, *et seq.*, and the Rhode Island Wage Act ("RIWA"), R.I.G.L. §28-14-1, *et seq.*

### II. Parties

2. The Plaintiff, Dennis Murray, at all times relevant to this action, was a resident of the City of Cranston, County of Providence, State of Rhode Island, and was an employee, within the meaning of the FMLA, the RIPFMLA, the FLSA, the RIWA, and the RIMWA, employed by the Defendant.

3. Defendant Universal Protection Service, LLC d/b/a Allied Universal Security Services ("AUS") is a Delaware corporation with its principal place of business located in Santa Ana, California. Defendant AUS is registered to conduct business in the State of Rhode Island

and maintains an office location in the City of Providence, County of Providence, State of Rhode Island.

### III. Jurisdiction

4. This Court has jurisdiction over the Plaintiff's claims under the FMLA pursuant to 29 U.S.C. §2617, jurisdiction over the Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b), and supplemental jurisdiction over the Plaintiff's claims under the RIPFMLA, the RIWA, and the RIMWA pursuant to 28 U.S.C. §1367.

### IV. Venue

5. Venue is proper in this Court insofar as Defendant AUS is, and at all times hereinafter mentioned was, doing business in Rhode Island and, therefore, is deemed to reside in the District of Rhode Island in compliance with the requirements set forth in 28 U.S.C. §1391.

### V. Material Facts

6. In January, 2021, the Plaintiff began working for Defendant AUS as a security officer at One Financial Center Plaza located in Providence, Rhode Island ("One Financial Center").

7. During all relevant time periods, the Plaintiff's work performance was satisfactory.

8. At the time of his hire, the Plaintiff earned $18.00 per hour. At the time of his termination, in August, 2022, the Plaintiff earned $18.50 per hour.

9. On or about July 17, 2022, the Plaintiff suffered a heart attack.

10. As a result, the Plaintiff commenced a protected leave of absence pursuant to the FMLA and/or the RIPFMLA.

11. As a result, the Plaintiff missed approximately one (1) month of work.

12. On or about August 15, 2022, the Plaintiff returned to work at Defendant AUS.

13. Upon his return to work at Defendant AUS, the Plaintiff's individual employee number necessary to telephonically report on-duty was disabled. The Plaintiff received a prompt that the employee number entered was invalid. As a result, the Plaintiff was unable to clock in and out of work.

14. On or about August 18, 2022—three (3) days after the Plaintiff returned from his FMLA/RIPFMLA leave, he was approached by his supervisor, James Hawkins, and told that he should not report for another work shift at AUS until he speaks with Michael Giorgio, another supervisor at AUS.

15. As directed, the Plaintiff did not report to work after August 18, 2022.

16. The Plaintiff then attempted to contact Mr. Giorgio, on several occasions via telephone and text message, regarding his return to work, but received no response.

17. On August 22, 2022 and August 26, 2022, the Plaintiff sent letters to Defendant AUS' Chief Executive Officer, Steve Jones, complaining that, within days of his return to work from a medical leave due to a heart attack, he was told to no longer report work. In these letters, the Plaintiff also complained that he was not paid for all hours worked since his return from a protected medical leave.

18. On August 25, 2022, September 2, 2022, and September 9, 2022, the Plaintiff sent e-mails to Mr. Hawkins stating that he was not paid for all hours worked since his return from a medical leave.

19. On or about September 7, 2022, Mr. Giorgio contacted the Plaintiff and told him that he was being transferred from the One Financial Center location to another facility secured by Defendant AUS.

20. However, Mr. Giorgio never followed-up with the Plaintiff to inform him about the details of his work transfer.

21. On September 16, 2022, the Plaintiff sent an email to Mr. Hawkins and Mr. Giorgio complaining that he was not paid for all hours worked since his return from his medical leave of absence.

22. Since August 18, 2022, the Plaintiff was not assigned another work shift by Defendant AUS and was thus terminated.

23. The Plaintiff has not been paid for all hours worked during his employment at Defendant AUS.

24. The FLSA and the RIMWA require an employer, like Defendant AUS, to pay its employees a minimum wage for each hour worked.  29 U.S.C. §206(a)(1); R.I.G.L. §28-12-3.

25. The Defendant willfully violated the FLSA and the RIMWA for failing to pay the Plaintiff minimum wages for each hour worked.

26. As stated above, the Plaintiff complained, on several occasions, to his supervisors at Defendant AUS that he was not paid for all hours worked during his employment at the company.

27. Due to these complaints and/or because he commenced a medical leave of absence pursuant to the FMLA and/or RIPFMLA, the Defendant subjected the Plaintiff to workplace discrimination, including, but not limited to, terminating his employment.

28. By terminating the Plaintiff, the Defendant discriminated and retaliated against the Plaintiff in violation of the FLSA, 29 U.S.C. §215(a)(2), and the RIWA, R.I.G.L. §28-14-19.3.

29. By terminating the Plaintiff, the Defendant discriminated and retaliated against the Plaintiff in violation of the FMLA and/or RIPFMLA.

30. Defendant AUS' unlawful and discriminatory actions and/or omissions are in violation of the FLSA, the RIMWA, the RIWA, the FMLA, and the RIPFMLA and were motivated by malice and ill will toward the Plaintiff, and Defendant AUS' actions were taken with reckless and callous indifference to the statutorily protected rights of the Plaintiff.

31. As a proximate result of Defendant AUS' unlawful acts and/or omissions, including, but not limited to, those described herein, the Plaintiff has suffered and will continue to suffer loss of income, severe mental and physical anguish, pain and suffering, loss of enjoyment of life, and other great harm.

## VI. Claims for Relief

32. The Plaintiff incorporates the allegations contained in ¶¶1 through 31 above in the counts set forth below.

### Count One
### Violation of FLSA—29 U.S.C. §206

33. Defendant AUS, by its acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay the Plaintiff for all hours worked, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b) and/or other applicable law.

### Count Two
### Violation of FLSA, 29 U.S.C. §215(a)(3)

34. Defendant AUS, by its acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by subjecting the Plaintiff to workplace discrimination and terminating his employment for reporting wage violations to his supervisors, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to 29 U.S.C. §216(b).

**Count Three**
**Violation of the RIMWA—R.I.G.L. 28-12-1 *et seq.***

35. Defendant AUS, by its acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay the Plaintiff for all hours worked, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2 and/or other applicable law.

**Count Four**
**Violation of RIWA, R.I.G.L. §28-14-19.3**

36. Defendant AUS, by its acts and/or omissions, including, but not limited to, those described herein, violated the RIWA by subjecting the Plaintiff to workplace discrimination and terminating his employment for reporting wage and misclassification violations to his supervisors, thereby causing the Plaintiff to suffer damages as aforesaid, for which he is entitled to relief pursuant to R.I.G.L. §28-14-19.2 and §28-50-1, *et seq.*

**Count Five**
**Violation of FMLA—29 U.S.C. §2601, *et seq.***

37. Defendant AUS, by its acts and/or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the FMLA.

**Count Six**
**Violation of RIPFMLA—R.I.G.L. §28-48-1, *et seq.***

38. Defendant AUS, by its acts and/or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-1, *et seq.*,

causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RIPFMLA.

## VII. Prayers for Relief

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1. a declaratory judgment that Defendant AUS, in the manner described herein, unlawfully violated the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*, the Rhode Island Minimum Wage Act, R.I.G.L. §28-12-1, *et seq.*, the Rhode Island Wage Act, R.I.G.L. §28-14-1, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, and the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-1, *et seq.*

2. enjoining and permanently restraining Defendant AUS from violating the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.*, the Rhode Island Minimum Wage Act, R.I.G.L. §28-12-1, *et seq.*, the Rhode Island Wage Act, R.I.G.L. §28-14-1, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. §2601, *et seq.*, and the Rhode Island Parental and Family Medical Leave Act, R.I.G.L. §28-48-1, *et seq.*

3. award the Plaintiff back pay, including incremental increases, and other benefits, plus prejudgment interest thereon;

4. award the Plaintiff punitive damages;

5. award the Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a)(1), 29 U.S.C. §216(b), R.I.G.L. §28-48-8, and R.I.G.L. §28-14-19.2(a);

6. award the Plaintiff reasonable attorney's fees and costs of litigation; and,

7. such other and further relief as the Court deems just and proper.

## VIII. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## IX. Designation of Trail Counsel

The Plaintiff hereby designates Michael D. Pushee, Esquire as trial counsel.

PLAINTIFF,
By his attorneys,
LAW OFFICE OF MICHAEL D. PUSHEE

/s/ Michael D. Pushee
Michael D. Pushee (#6948)
100 Midway Place, Suite 16
Cranston, RI 02920-5707
(401) 214-9820
(401) 214-9840 (facsimile)
mpushee@pusheelaw.com

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 21st day of November, 2022 and is available for viewing and downloading from the ECF system.

/s/ Michael D. Pushee